IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QT TRADING, L.P. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | Admiralty Rule 9(h) |
| M/V OCEAN GOLD, | § | |
| her engines, tackle, boilers, etc. *in rem,* | § | |
| | § | |
| v. | § | |
| | § | |
| OCEAN GOLD MARITIME INC., | § | |
| OCEAN LONGEVITY SHIPPING AND | § | |
| MANAGEMENT CO. LTD, and | § | |
| WESTERN BULK CARRIERS AS | § | |
| Defendants | § | |

## COMPLAINT

1.      Plaintiff, QT Trading, L.P. ("QT") by its attorneys, Hill Rivkins LLP, complaining of the

M/V Ocean Gold, *in rem,* Oceanic Gold Maritime Inc. ("OGMI"), Ocean Longevity Shipping

and Management Co. Ltd ("OLSM"), and Western Bulk Carriers AS ("Western Bulk")

(collectively "Defendants"), alleges upon information and belief:

**A.**

2.      This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule

9(h) of the Federal Rules of Civil Procedure, or is brought pursuant to 9 U.S.C.A. § 8, for

preservation of *in rem* security for arbitration.

**B.**

3.      At and during all the times hereinafter mentioned, QT was the consignee and owner of

the cargo in question and brings this action on its own behalf and on behalf of all who may

become interested in the cargo. QT had and now has the legal status and principal office and place of business stated in Schedule A attached.

C.

4.      At and during all the times hereinafter mentioned, OGMI, OLSM, and Western Bulk had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which was within the jurisdiction of this Court during its discharge of the cargo at issue.

D.

5.      On or about January 17, 2014, at the port of Iskenderun, Turkey, the M/V OCEAN GOLD and defendants OGMI, OLSM, and Western Bulk received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants OGMI, OLSM, and Western Bulk accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

E.

6.      Thereafter, the vessel arrived at the Port of Houston, where the cargo was found short delivered, contaminated by seawater or other aggressive chemical substance, and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants OGMI, OLSM, and Western Bulk breached, failed and violated their duties and obligations as common carriers and were otherwise at fault. The vessel was made aware of these damages, placed on notice, and threatened with *in rem* seizure and sale, during its discharge at the port of Houston, and the vessel offered a "letter of undertaking" as security to

2

prevent its arrest, obligating the vessel to post *in rem* security in this court, which is hereby demanded.

## F.

7.      Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailees as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

## G.

8.      Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## H.

9.      Plaintiff has duly performed all duties and obligations on its part to be performed.

## I.

10.     By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of TWO HUNDRED THIRTY-THREE THOUSAND THREE HUNDRED NINE AND 66/100 DOLLARS ($233,309.66) for which Plaintiff demands recovery from all defendants, jointly and severally.

**J.**

11.    All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1.  That summons in due form of law may issue against defendants;

2.  That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3.  That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4.  That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.:  126
Texas Bar No.: 13057830
DANIELA OLIVEIRA
SDTX I.D. No.: 1314516
Texas Bar No. 24075837
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:      (713) 222-1515
Direct Line:     (713) 457-2287
Facsimile:       (713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: doliveira@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF
QT TRADING, LP**

## VERIFICATION

THE STATE OF TEXAS          *

                            *

COUNTY OF HARRIS            *


Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 29th day of January, 2015.

_____
Notary Public, State of Texas
My Commission Expires: 3/26/16

ROSA LANDIN
Notary Public, State of Texas
My Commission Expires
March 26, 2016

6

## SCHEDULE A
## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **QT Trading, LP,** was and now is a corporation with an office and place of business at 79 S. Benson Rd., Suite 6, Fairfield, CT 06824

**M/V OCEAN GOLD** was at all material times a general cargo ship sailing under the Chinese (Hong Kong) flag.  The vessel was built in 2006, its call sign is VRJO8, and its gross tonnage is 20,211 tons.

Defendant, **Ocean Gold Maritime Inc. ("OGMI"),** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

c/o Ocean Longevity Shipping and Management Co. Ltd.
Suite 2101, 21st Floor, Two International Finance Centre, 8 Finance Street,
Central, Hong Kong, China

Defendant, **Ocean Longevity Shipping and Management Co. Ltd. ("OLSM")** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Ocean Longevity Shipping and Management Co. Ltd.
Suite 2101, 21st Floor, Two International Finance Centre, 8 Finance Street,
Central, Hong Kong, China

Defendant, **Western Bulk Carriers AS** ("Western Bulk")**,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Herik Ibsengate 100
P.O. Box 2868
Solli 0230 Oslo, Norway, or

Karenlyst Alle 8B
P.O. Box 78 Skoyen
N-0212 Oslo, Norway, or

c/o their U.S. Gulf operations office:
Western Bulk (Miami) Inc.
601 Brickell Key Drive, Suite 1080
Miami, FL 33131 USA

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Ocean Gold |
| Date of Shipment: | January 17, 2014 |
| Port of Shipment: | Iskenderun, Turkey |
| Port of Discharge: | Houston, Texas |
| Shipper: | Tosyali Dis Ticaret A.S. |
| Consignee: | QT Trading, L.P. |
| Description of Shipment: | ERW Steel Pipe |
| Nature of Loss or Damage: | Seawater Rust, Contamination, short delivery and/or physical damage |
| Amount: | TWO HUNDRED THIRTY-THREE THOUSAND THREE HUNDRED NINE AND 66/100 DOLLARS ($233,309.66) |